## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **KEISHAWN BROWN,** | Civ. No. 14-04800 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| **ALFARO ORTIZ,** *et al.*, | |
| **Defendants.** | |

Brown is a *pro se* prisoner who has been granted IFP status in this civil case. Brown was severely injured in a prison attack by a series of John Doe Defendants. Brown additionally alleges that guards and wardens were deliberately indifferent because they watched the attack take place and did not intervene to stop it.  Brown requests *pro bono* counsel.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  This provision covers both plaintiffs and defendants in civil cases.  *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984).  District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  In *Tabron v. Grace*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf;

(5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

In addition, counsel appointment may be warranted when a case requires a significant degree of factual investigation, extensive discovery requests or compliance with complex discovery rules. *Tabron*, 6 F.3d at 155. "[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified." *Id*. Similarly, appointed counsel may be necessary "where the case will require testimony from expert witnesses." *Id.*

"[S]ignificant practical restraints on the district courts' ability to appoint counsel" exist. *Id*. at 157. Those restraints include "the ever-growing number of prisoner civil rights actions filed each year in federal courts; the lack of funding to pay for appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.* (footnote omitted). Therefore, appointment of counsel is warranted only where "special circumstances" indicate a likelihood of substantial prejudice to the plaintiff should the plaintiff proceed without counsel. *Smith-Bey v. Petscok*, 741 F.2d 22, 26 (3d Cir. 1984). Furthermore, because "volunteer lawyer time is extremely valuable, "courts "should not request counsel under § 1915(d) indiscriminately." *Tabron*, 6 F.3d at 157.

It is still too early to burden counsel with a *pro bono* appointment. Defendants have not yet even answered the Complaint. Therefore,


**IT IS** on this 3rd day of March 2015, hereby


**ORDERED** that Plaintiff's request for appointment of *pro bono* counsel is denied without prejudice.


/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**