UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KEISHAWN BROWN,

    **Plaintiff,**

v.

D. GREY, et al.,

    **Defendants.**

Civ. No. 14-4800 (WJM)

OPINION & ORDER

Presently before the Court is Plaintiff Keishawn Brown's ("Brown") second request for appointment of *pro bono* counsel. This application is decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the application is **DENIED** without prejudice.

I.   BACKGROUND

Brown brings civil rights claims pursuant to 42 U.S.C. § 1983, alleging that prison officers breached their duty to protect her from an assault. (*See* Amended Compl. ("Am. Compl.") 2-3, ECF No. 30.) On August 12, 2012, while incarcerated in Essex County Correctional Facility Unit 4-E-1, approximately thirty other inmates attacked Brown. (*See id*.) Brown sought help from the defendant officers, but they allegedly did not take steps to stop the attack. (*See id.* at 2.) As a result of this attack, Brown alleges that she was hospitalized and placed in a medically induced coma, suffering internal bleeding and a fractured jaw. (*Id.* at 4.) Brown brought the instant action seeking to recover damages due to the injuries she suffered as a result of the officers failure to stop the assault. A prior application for *pro bono* appointment was denied by the Court. (*See* Application for Pro Bono Counsel "Questions to Be Answered" 3-4, ECF No. 10; *see also* Opinion & Order, ECF No. 11.) Brown once again brings an application for *pro bono* counsel.

II.   DISCUSSION

Neither the Constitution nor any statutes provide civil litigants with the right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have "broad discretion" to appoint counsel, if

appropriate, under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising such discretion and determining the appropriateness of appointing counsel, the Third Circuit has instructed that district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including: (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue such investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. As to the factual investigation factor, appointment of counsel may be warranted when a case requires a significant degree of factual investigation, extensive discovery requests, expert testimony, or compliance with complex discovery rules. *Tabron*, 6 F.3d at 155 ("[W]hen a case is likely to turn on credibility determinations, appointment of counsel may be justified.") The *Tabron* list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

Nonetheless, "significant practical restraints on the district courts' ability to appoint counsel" exist. *Tabron*, 6 F.3d at 157 (noting restraints such as "the ever-growing number of prisoner civil rights actions filed each year in federal courts; the lack of funding to pay for appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.") Therefore, appointment of counsel is warranted only where "special circumstances" indicate a likelihood of substantial prejudice to the plaintiff should he or she proceed without counsel. *Smith-Bey v. Petscok*, 741 F.2d 22, 26 (3d Cir. 1984). Furthermore, because "volunteer lawyer time is extremely valuable," "courts should not request counsel . . . indiscriminately." *Tabron*, 6 F.3d at 157.

The Court assumes that Brown's claims have merit for the purpose of her instant application. However, in light of the criteria put forth by the Third Circuit and the practical restraints on the appointment of counsel, the Court once again concludes that the appointment of *pro bono* counsel is not warranted at this stage. The legal and factual issues in this case have not changed since the Court's previous denial of *pro bono* counsel. (*See* Opinion & Order, ECF No. 11.) Although, Brown's papers lack the force and clarity one expects from an attorney,

this does not mean that her request for counsel should be granted. *See, e.g.*, *Terrell v. Hendricks*, No. 11–00832, 2012 WL 2341418, at *3 (D.N.J. June 15, 2012) (citing *Gordon v. Gonzalez,* 232 F. App'x 153, 157 (3d Cir. 2007)). Brown has demonstrated an ability to articulate the legal relief she seeks. While Brown cites a lack of access to the law library as an obstacle in furthering her claim, courts typically do not appoint counsel despite a plaintiff's lack of access to a prison law library. *See id.* at *2 (finding Plaintiff does not have right to *pro bono* counsel absent a clear lack of access to prison law library materials that is uniquely limited as compared to access available to other inmates). Consequently, the legal issues underlying Brown's case are not complex, weighing against the appointment of counsel. Case law regarding actions arising under § 1983 is well developed and courts usually do not appoint *pro bono* counsel in such instances. *See id.* at *3.

Moving to the discovery factors, courts evaluate the "extent to which prisoners . . . may face problems in pursuing their claims." *Tabron*, 6 F.3d at 156. Brown has successfully obtained incident reports and conducted factual investigation as to the identity of the "John Doe" defendants from her prison cell. (*See* Motion for Pro Bono Counsel 4, ECF No. 25.); *see Wolfe v. Kaminski*, No. CIV.A. 14-1956 ES, 2015 WL 4126562, at *3 (D.N.J. July 8, 2015) ("Courts often deny applications for *pro bono* counsel where plaintiffs do not demonstrate that it will be difficult to obtain relevant records"). Though Brown initially requested help to determine the identities of the officers, she was subsequently able to accomplish the task through her own investigation. (*See* ECF No. 14; Motion for Pro Bono Counsel "Questions to Be Answered" 3, ECF No. 25; Am. Compl. 1-3, ECF No. 30.) Through her inquires and responses, Brown has shown an understanding of the actions she must take to further her claims. (*See* Motion for Pro Bono Counsel "Questions to Be Answered" 3, ECF No. 25 ("I need someone to pursue a[n] investigation that I cannot do. Like trying to get my incident reports that took almost four years to get.")) In her letters to the Court, Brown has inquired about service of her complaint, filing deadlines, and obtaining incident reports. (*See* ECF Nos. 12, 14, 16, 17, 18, 21, 23, 26, 31, 32.) Accordingly, the discovery that Brown has set forth in her application appears to be evidence she can obtain through her own efforts, and—based on her prior submissions in this case—the Court does not find that Brown has demonstrated an inability to conduct factual discovery regarding her allegations.

Lastly, addressing the remaining *Tabron* factors, it is too soon to determine whether Brown's case will turn on credibility determinations or necessitate expert

testimony. *See Maclin v. Freake,* 650 F.2d 885, 888 (7th Cir. 1981) ("[C]ounsel may be warranted where the only evidence presented to the factfinder consists of conflicting testimony") (cited with approval in *Tabron*, 6 F.3d at 156). Therefore, these factors weigh neither for nor against appointment.

Accordingly, assessing the *Tabron* factors, the Court will deny Brown's application for *pro bono* counsel. However, such denial is done without prejudice to Plaintiff's right to renew her application following the exchange of initial disclosures under Federal Rule of Civil Procedure 26 and written discovery.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 14th day of June 2016, hereby,

**ORDERED** that Plaintiff's application for *pro bono* counsel is **DENIED** without prejudice.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**