UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**KEISHAWN BROWN,**

    Plaintiff,

v.

**OFFICER D. GREY #2280, SGT. MAJOR #2255, SHIFT COMMANDER LEAK #2032,**

    Defendants.

Civ. No. 14-cv-4800 (WJM)

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Plaintiff Keishawn Brown's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will **GRANT** the motion.

## I. BACKGROUND

Brown brings civil rights claims *pro* se pursuant to 42 U.S.C. § 1983, alleging that prison officers breached their duty to protect him from an assault. (See Amended Compl. ("Am. Compl.") 2-3, ECF No. 30.) On August 12, 2012, while incarcerated in Essex County Correctional Facility Unit 4-E-1, approximately thirty other inmates attacked Brown. *See id.* Brown sought help from the defendant officers, but they allegedly did not take steps to stop the attack. *See id.* at 2. As a result of this attack, Brown alleges that he was hospitalized and placed in a medically induced coma, suffering internal bleeding and a fractured jaw. *Id.* at 4. Brown brought the instant action seeking to recover damages due to the injuries he suffered as a result of the officers failure to stop the assault. Two prior applications for *pro bono* appointment were denied by the Court. *See* Jan. 3, 2015 Opinion & Order, ECF No. 11; June 14 Opinion & Order, ECF No. 33. Brown once again brings an application for pro bono counsel.

## II. DISCUSSION

Although no constitutional right to an attorney exists in civil cases, Section 1915(e)(1) provides that a "court may request an attorney to represent any person

unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion to appoint counsel, the Court must first assess whether a given case or defense has merit. *Tabron*, 6 F.3d. at 155. If the case has merit, the Court must next weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

The Court will appoint *pro bono* counsel. As an initial matter, it appears that Plaintiff's claim has "some merit in fact and law" and is not "frivolous or malicious." *Tabron*, 5 F.3d at 155. Moving to the *Tabron* factors, the Court first notes that Plaintiff cannot afford to obtain counsel on his own behalf. He has no legal training and is currently incarcerated, which will make it difficult for him to prepare and present his case at trial. *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Although he has demonstrated a capacity to communicate with the Court, his efforts to conduct discovery have been largely thwarted. *See id.* at 459 (holding that even where no complex issues of law exist "courts must still look to proof going towards the ultimate issue and the discovery issues involved."). Further, this case is likely to turn on credibility determinations, in that it is largely based on the word of the Plaintiff against the word of Defendants. *See id.* at 460; *Shadli v. Jeffrey S. Ween & Assocs.*, No. 13-cv-802 (ES)(MAH), 2016 WL 111419, at *2 (D.N.J. Jan. 11, 2016). And although funding for counsel may be in limited supply, that concern is mitigated where "the administration of [] litigation . . . [would] greatly benefit from the efficient and clarity . . . of an experienced trial attorney familiar with federal practice." Role v. Local 3 P.M. & S.E. Union, 08-cv-6011, 2011 WL 52524, at *2 (D.N.J. Jan. 6, 2011).

Today's decision in no way contradicts the Court's denial of Plaintiff's first and second applications to appoint *pro bono* counsel. The first application was denied because it was premature, as Defendants had yet to file an answer to the original complaint. ECF No. 11, 2. In contrast, Defendants filed an answer to Plaintiff's amended complaint three months before Plaintiff filed the instant motion. *See* Answer to Amended Complaint, ECF No. 56. The Court denied Plaintiff's

second motion for *pro bono* counsel because Plaintiff had successfully obtained incident reports and conducted factual investigation as to the identify the appropriate defendants. *See* ECF 33, 3. However, Plaintiff has since encountered obstacles to securing Defendants' compliance with discovery requests; he is no longer in possession of the aforementioned incident reports as a result of his being transferred to a new facility, and has been unable to obtain video surveillance that may be crucial to his case. *See* ECF Nos. 59, 61. An attorney will be able to resolve any discovery disputes far more efficiently than Plaintiff himself.

### III. CONCLUSION

For the above reasons and for good cause shown;

**IT IS** on this 24th day of August 2017, hereby,

**ORDERED** that Plaintiff's application for *pro bono* counsel is **GRANTED**.

/s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**